# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

PANKAJ J. PATEL,    )
    )
    **Plaintiff,**    )
    )    **Civil Action No. 3:25-01374**
v.    )    **Judge Crenshaw/Frensley**
    )
KRISTI NOEM, SECRETARY    )
DHS, ET AL    )
    **Defendants.**    )

## REPORT AND RECOMMENDATION

Pro se Plaintiff, Pankaj Patel, filed this action on November 25, 2025, seeking relief under 28 U. S. C. § 1331, 5 U. S. C. § 702; the Fifth Amendment and Federal Rules of Civil Procedure 65(b). Docket No. 1.

By Order entered December 1, 2025, (Docket Entry No. 7), the Court referred this action to the Magistrate Judge for pretrial proceedings under 28 U. S. C. § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court. In the referral Order, the Court specifically advised the Plaintiff that "he is responsible for effecting service of process on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure." Id. Plaintiff was further warned that failure to complete service of process for Defendant could result in dismissal of this action. *Id.*

On April 10, 2026, the Court filed a Show Cause Order in this matter requesting the Plaintiff file a notice with the Court advising of the status of service on the Defendants in this matter. Docket No. 8. To date the Plaintiff has filed nothing.

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff

for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because Defendants in this case have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F. 2d 159, 161 (6th Cir. 1980).

### RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.[1]

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**